UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEFANNIE DYSON and SEAN WELLS-EL, | Case No. 25-cv-2296 (LMP/JFD) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' APPLICATIONS TO PROCEED IFP ON APPEAL** |
| LUIS BARTOLOMEI, SARAH LINDAHL-PFIEFFER, HENNEPIN COUNTY DISTRICT COURT 4TH DISTRICT, and THE STATE OF MINNESOTA, | |
| Defendants. | |

On November 3, 2025, this Court granted Defendants' motion to dismiss and dismissed Plaintiffs' complaint without prejudice. ECF No. 23. Plaintiffs Stefannie Dyson and Sean Wells-El filed a notice of appeal, ECF No. 25, and filed three applications to proceed in forma pauperis ("IFP") on appeal, ECF Nos. 28, 29, 30.

A litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The central question when evaluating an application to proceed IFP "is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Daramola v. Dungarvin Inc., Minn.*, No. 24-cv-0761 (KMM/DJF), 2024 WL 1444100, at *1 (D. Minn. Mar. 6, 2024) (citation omitted).

For several reasons, the Court cannot conclude that proceeding on appeal without a grant of IFP status would cause Plaintiffs undue hardship or deprive them of life's

1

necessities. First, Dyson reports a monthly income of $2,400, which for a household size of two, constitutes 136% of the federal poverty guidelines.[1] ECF No. 30 at 2–3. Although not dispositive, that income suggests that paying the filing fee would not deprive Dyson of the "necessities of life." *Daramola*, 2024 WL 1444100, at *1; *see Simelton v. Xerox Corp.*, No. 98-35191, 1999 WL 115175, at *1 (9th Cir. Mar. 4, 1999) (affirming denial of IFP status when litigant's "annual income was above the poverty threshold and his debts [were] modest"). Dyson's monthly income also exceeds her monthly expenses, ECF No. 30 at 2, 4, which further suggests that Dyson does not qualify for IFP status, *see Webb v. Cessna Aircraft*, No. Civ. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying IFP status when litigant's monthly income exceeded monthly expenses). Additionally, Dyson reports owning $200,000 in real estate, ECF No. 29 at 3, which undermines her claim of indigency, *see Westley v. Alberto*, No. 13-cv-2044 (PAM/AJB), 2013 WL 12155306, at *1 (D. Minn. Aug. 7, 2013) (denying IFP status when plaintiff reported owning real estate valued at $52,500).

Second, Dyson originally paid the $405 filing fee for this action in district court, ECF No. 1, and she reports spending $1,000 to $1,500 in bringing this lawsuit, ECF No. 29 at 5. Dyson "fails to explain what, if any, changes in circumstance occurred to render [her]

---

[1] In one of her filings, Dyson reports a household size of three, including herself and two dependents: a 17-year-old daughter (Y.A.) and a 26-year-old son (Rajuan). ECF No. 29 at 3–4. But as the pleadings in this case have revealed, Rajuan is currently incarcerated. *See* ECF No. 7 at 4; Minn. Dep't of Corr., Inmate Search, https://coms.doc.state.mn.us/publicviewer/ [https://perma.cc/BE64-BB2F] (reflecting that Rajuan Jones has been incarcerated since June 3, 2025, with an anticipated release date of May 16, 2028). It is therefore more accurate to state that Dyson's household size is two people.

2

unable to pay the filing fee now." *Bateman v. Nexstar Media Grp., Inc.*, No. 2:18-cv-815-DBB, 2020 WL 6927287, at *1 (D. Utah Nov. 5, 2020), *report and recommendation adopted*, 2020 WL 6898342 (D. Utah Nov. 24, 2020).[2]

Third, some of Dyson's statements in her IFP application are inconsistent. For example, on one form, Dyson reports monthly expenses of $2,100, ECF No. 30 at 4–5, while on another form, she reports monthly expenses of $2,000, ECF No. 29 at 4. Additionally, in a cover letter to the Court, Dyson reports owning no real property, ECF No. 28 at 1, but in her IFP application, she reports owning $200,000 in real property and earning $2,400 a month in rental income, ECF No. 29 at 1, 3. Regardless of whether these inconsistencies are innocent or intentional, they undermine the credibility of Dyson's IFP application. *See Jackson v. Sexe*, No. 25-cv-2688 (KMM/EMB), 2025 WL 2676572, at *1 (D. Minn. July 29, 2025) (refusing to grant IFP status based on applications that were "not credible").

Finally, Dyson is not the only plaintiff in this case: Wells-El is also a plaintiff and could conceivably contribute to paying the filing fee. However, Plaintiffs provide no information about Wells-El's financial status and whether he might qualify for IFP status.

Because Plaintiffs' IFP application is "incomplete and inconsistent"—and because the information that is provided suggests that Dyson alone does not qualify for IFP status—

---

[2] Dyson notes that she was granted IFP status in three other federal cases, ECF No. 30 at 5, but at least two of those cases were filed in 2023, when Dyson was incarcerated, ECF No. 29 at 5. More recently, Dyson paid the full filing fee in two separate lawsuits filed in this District. *See Dyson v. Cook Cnty. Sheriff Dep't*, No. 25-cv-123 (NEB/DTS), ECF No. 1 (D. Minn. filed Jan. 10, 2025); *Dyson v. Ill. Dep't of Child. Fam. Servs.*, No. 25-cv-141 (ECT/SGE), ECF No. 7 (D. Minn. Feb. 10, 2025).

the Court will not grant Plaintiffs IFP status on appeal. *J.S. v. Saint Paul Acad. & Summit Sch.*, No. 11-cv-1537 (MJD/TNL), 2012 WL 13435058, at *1 (D. Minn. June 6, 2012).[3]

## **ORDER**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Applications to Proceed IFP on Appeal (ECF Nos. 28, 29, 30) are **DENIED**.

Dated: December 3, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[3] Even when an IFP applicant financially qualifies for IFP status, the Court must deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Because the Court determines that Plaintiffs do not financially qualify for IFP status, it need not determine whether the claims to be decided on appeal are frivolous.